I iBROWN, Judge,
dissenting.
Defendant, Charles Day, owned a 30-acre tract on Lake Bistineau. Day and his neighbors had a close and friendly relationship. Because of this relationship, Day wanted to insure that any new owners would not cause problems. Day’s intent was to sell the property without a realtor. After Day advertised the property for sale, he was contacted by an agent representing plaintiff, a realty company. Day initially declined to list his property, but the agent persisted. Because of the agent’s tenacity, Day signed an exclusive listing for the 5-acre campsite only. Day reserved the right to refuse to sell and also the right to sell the property without a commission to prospects already developed.
The majority opinion recognized that Day had talked with his two immediate neighbors and offered them the right to buy the property “or to find a buyer.” In fact, the brother and sister-in-law of one of these neighbors purchased all 30 acres. The majority opinion did not consider whether the property was sold to a “reserved prospect,” stating that “Day does not contest the trial court’s finding that Fullilove was entitled to a commission.” However, because Day won at the trial court level, he did not answer the appeal. I believe the evidence clearly shows that the buyer was a “reserved prospect” and thus, plaintiff was not entitled to a commission.
We are also obligated by law to give wide discretion to the trial court’s determination of factual issues. In this ease, the trial court found that there was no evidence as to the value of the 5-acre tract. Specifically, the .court found “to do so (set a value) would be not only an arbitrary determination not based on any evidence of record but pure speculation.” I agree.
The only evidence in the record is that the real estate agent did not believe that the 5-acre campsite was worth the listing price of $82,500. Therefore, 12I cannot agree with the. majority opinion setting ten percent of $82,-500 as a commission. The record further shows that the only work performed by the realty company was to obtain the listing.
I respectfully dissent.
APPLICATION FOR REHEARING
Before SEXTON, NORRIS, HIGHTOWER, and BROWN, JJ., and LOWE, J., Pro Tern.